# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| MEGAN WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO.: 2:22-cv-00180-SCJ |
| MIKE & MARTIN'S ASPHALT, LLC ) | |
| And KALEB SHAYNE MARTIN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## AMENDED COMPLAINT FOR DAMAGES

For her Complaint against Defendants MIKE & MARTIN'S ASPHALT, LLC and KALEB SHAYNE MARTIN, Plaintiff MEGAN WILSON Amends her Complaint by Order of the Court's October 5, 2022, Order to Show Cause as to the jurisdiction of the parties and to correct the form of her pleadings.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Megan Wilson is a citizen and resident of the County of Jackson, State of Georgia.

2. Upon information and belief, Defendant MIKE & MARTIN'S ASPHALT, LLC (hereinafter "M&M Asphalt") is a corporation organized under the laws of Texas with its principle place of business located in the County of Victoria, State of Texas. Service of process may be perfected on Defendant M&M Asphalt by delivering a copy of the summons and complaint to its registered agent for service, Martin McDonald, located at 425 Windyhill Lane, Fort Worth, Texas 76108 (Tarrant County).

3. Upon information and belief, Defendant M&M Asphalt is a commercial motor carrier bearing the US DOT number 946467.

4. Defendant KALEB SHAYNE MARTIN (hereinafter "Kaleb Martin") is a citizen and resident of the State of Texas. Upon information and belief, Kaleb Shayne Martin is a Member of Mike & Martin's Asphalt, LLC. Per incident report C000794308-01, Defendant Kaleb Martin may be served by delivering a copy of the summons and complaint to him personally or by leaving the same at their usual place of abode with someone of suitable age and discretion then residing therein, which is 1008 East 3rd Street, Weatherford, Texas 76086.

5. This Court has subject matter jurisdiction over this matter pursuant to

28 U.S.C. § 1332, as the parties are completely diverse and the amount in controversy exceeds $75,000.00.

6. This Court exercising jurisdiction over this matter is appropriate because the Defendants' acts and/or omissions giving rise to this action occurred within this district and division, specifically in Banks County, Georgia.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 and LR 3.1 because a substantial part of the events giving rise to the claim occurred within this district and division, specifically in Banks County, Georgia.

## STATEMENT OF FACTS

8. On or about on September 29, 2021, Plaintiff Megan Wilson was driving her 2014 Nissan Juke and traveling northbound on Highway 441 inside the county limits of Banks County, Georgia.

9. At or about the same time and place, Defendant Kaleb Martin was operating a 2020 Peterbuilt Dump Truck, a commercial motor vehicle owned by Defendant M&M Asphalt, and heading northbound on Highway 441 inside the county limits of Banks County, Georgia.

10. Upon and information and belief and at all times relevant to this

Complaint, Defendant Kaleb Martin was operating the commercial vehicle under Defendant M&M Asphalt's authority and within the scope of his employment.

11. As Plaintiff's and Defendants' vehicles approached the business located at 30581 Highway 441 South, Commerce, Georgia 30529, Defendant Kaleb Martin was driving the commercial dump truck in the left northbound lane of Highway 441 while Plaintiff was traveling in right northbound lane of the same.

12. As the two vehicles were about side by side, Defendant Kaleb Martin suddenly and without turned the commercial dump truck to the right and into the path of Plaintiff's vehicle causing a collision between the two vehicles.

13. Defendant Kaleb Martin's failure to adhere to his lane of travel, failure to maintain control over the dump truck, failure to keep a proper lookout, and/or otherwise negligent and/or reckless driving caused the violent collision between the vehicle of the Plaintiff and the commercial dump truck.

14. As a result of the collision caused by Defendant(s), Plaintiff suffered serious bodily injuries.

15. At all times relevant herein, Plaintiff did not contribute to the collision.

16. As a result of the collision, Plaintiff suffered the following injuries and

damages:

    a. extensive pain, mental anguish, suffering and discomfort;

    b. permanent injuries and total disability;

    c. money spent for medical care and treatment, past, present and future;

    d. inability to carry on normal activities;

    e. emotional trauma and distress; and

    f. loss of enjoyment of life.

## COUNT I - NEGLIGENCE AND/OR NEGLIGENCE *PER SE*

17. At all relevant times, Defendant Kaleb Martin, and through him Defendant M&M Asphalt, owed certain civil duties to Plaintiff, and, notwithstanding those duties, the Defendants did violate them in the following particulars:

    a. In failing to make both the approach for a right turn and a right turn as close as practicable to the right-hand curb or edge of the roadway in violation of O.C.G.A. § 40-6-120;

    b. In failing to keep M&M Asphalt's commercial dump truck within a single lane of travel in violation of O.C.G.A. § 40-6-48;

c. In failing to make reasonable and proper observations while driving M&M Asphalt's commercial dump truck and failing to keep a proper lookout;

d. In turning M&M Asphalt's commercial dump truck from a direct course when such movement could not be made with reasonable safety in violation of O.C.G.A. § 40-6-123(a);

e. In failing to continuously signal his intention to turn M&M Asphalt's commercial dump truck to the right for a time sufficient to alert the driver of a vehicle proceeding from the rear in the same direction in violation of O.C.G.A. §4 40-6-123(b);

f. In failing to make timely and proper application of his brakes in violation of O.C.G.A § 40-6-241;

g. In failing to observe or undertake the necessary precautions to keep M&M Asphalt's commercial dump truck from colliding with the vehicle of the Plaintiff, in violation of O.C.G.A. § 40-6-390;

h. In driving M&M Asphalt's commercial dump truck without due caution and circumspection and in a manner so as to endanger the

        person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241; and

   i. In committing other negligent acts and omissions as may be shown by the evidence and proven at trial.

18. Defendant Kaleb Martin's violations of the aforementioned statutory duties of care constitute negligence and/or negligence *per se* and as to all claims are factually and legally attributable to Defendant M&M Asphalt.

19. At all relevant times and upon information and belief, Defendant Kaleb Martin was an employee and/or agent of Defendant M&M Asphalt, and Defendant Kaleb Martin was driving the commercial dump truck within the course and scope of his employment with Defendant M&M Asphalt. Accordingly, Defendant M&M Asphalt is liable for the acts and omissions of Defendant Kaleb Martin, its employee and/or agent at the time of the collision-in-suit, under the theory of vicarious liability and/or respondeat superior.

20. As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendants Kaleb Martin and M&M Asphalt, Plaintiff Megan Wilson suffered substantial injuries and damages including medical and other

necessary expenses, mental and physical pain and suffering due to the injuries to her body and nervous system, personal inconvenience, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff has incurred an amount of $37,196.34 in past medical expenses. Plaintiff may continue to incur additional medical expenses due to her painful injuries.

## COUNT II - NEGLIGENT ENTRUSTMENT, HIRING, AND TRAINING

21. Upon information and belief, Defendant M&M Asphalt was negligent in, among other things, hiring and vetting Defendant Kaleb Martin to safely operate and drive the commercial dump truck, in training him how to use it safely and how and when to safely re-enter lanes of travel on highways, and in negligently entrusting him with the commercial dump truck.

22. Defendant M&M Asphalt's negligence proximately caused Plaintiff's injuries and damages.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Megan Wilson respectfully prays:

a) That Process and Summons issue, as provided by law, requiring all

Defendants to appear and answer Plaintiff's Complaint;

b) That service be had upon all Defendants as provided by law;

c) That Plaintiff have and recover general damages from such Defendants, as the jury deems are liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff for all of her injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

d) That Plaintiff have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

e) That Plaintiff have a trial by jury as to all issues; and

f) That all costs be cast against the Defendants; and

g) For such other and further relief as this Court deems just and appropriate.

This 19th day of October, 2022.

Respectfully submitted,

/s/ Hector J. Rojas, Jr.
_____

Hector J. Rojas, Jr.
Georgia Bar No.:  996098
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
P.O. Box 57007
Atlanta, GA 30343-1007
Tel: (404) 965-8837
Fax: (404) 720-3781
hrojasjr@forthepeople.com

**CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

The undersigned counsel hereby certifies that this pleading complies with the Local Rules of this Court, including Local Rules 5.1.C and 7.1.D (N.D. Ga.) in that it is composed in Times New Roman, 14 Point.

This 19th day of October, 2022.

Respectfully submitted,

/s/ Hector J. Rojas, Jr.
________________________

Hector J. Rojas, Jr.
Georgia Bar No.: 996098
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
P.O. Box 57007
Atlanta, GA 30343-1007
Tel: (404) 965-8837
Fax: (404) 720-3781
hrojasjr@forthepeople.com